THE STATE EX REL. FORSYTH, APPELLANT, *v.* BRIGNER, JUDGE, APPELLEE.

[Cite as *State ex rel. Forsyth v. Brigner* (1999), 86 Ohio St.3d 299.]

(No. 99–598—Submitted June 22, 1999—Decided September 1, 1999.)

*M. Wayne Forsyth*, pro se.

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *John F. Krumholtz*, Assistant Prosecuting Attorney, for appellee.

---

**Per Curiam.** Forsyth asserts that the court of appeals erred in dismissing his mandamus action. For the reasons that follow, Forsyth's claims are meritless.

Although mandamus and procedendo will issue in cases of a court's undue delay in entering judgment, *State ex rel. Dehler v. Sutula* (1995), 74 Ohio St.3d 33, 35, 656 N.E.2d 332, 333, it is evident here that even assuming no express ruling on the pretrial motion, the trial court overruled Forsyth's motion to have depositions filed when it entered its divorce decree. See *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 469, 692 N.E.2d 198, 201 ("[W]hen a trial court fails to rule on a pretrial motion [and proceeds to judgment in the case], it may ordinarily be presumed that the court overruled it"). Forsyth is not entitled to a writ of mandamus to compel Judge Brigner to do an act that has already been performed. *State ex rel. Eads v. Callahan* (1998), 82 Ohio St.3d 405, 406, 696 N.E.2d 581, 582.

In addition, to the extent that Forsyth challenged Judge Brigner's ruling on the pretrial motion, he had an adequate legal remedy by raising this challenge in his appeal from the divorce decree. *Forsyth v. Forsyth* (June 14, 1996), Montgomery App. No. 15487, unreported, 1996 WL 325507. A plain and adequate remedy in the ordinary course of law precludes extraordinary relief in mandamus. *State ex rel. Natl. Electrical Contrs. Assn. v. Ohio Bur. of Emp. Serv.* (1998), 83 Ohio St.3d 179, 183, 699 N.E.2d 64, 67.

Finally, Forsyth erroneously submits evidence that is not part of the court of appeals' record to support his contentions. We cannot add matter to the record before us and decide this appeal based upon that new matter. *State ex rel. Cotton v. Ghee* (1998), 84 Ohio St.3d 54, 55–56, 701 N.E.2d 989, 990.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.