[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 299.]

THE STATE EX REL. FORSYTH, APPELLANT, *v.* BRIGNER, JUDGE, APPELLEE.

[Cite as *State ex rel. Forsyth v. Brigner*, 1999-Ohio-105.]

*Mandamus to compel common pleas court judge to rule on a pretrial motion filed prior to the issuance of a divorce decree—Complaint dismissed, when.*

(No. 99-598—Submitted June 22, 1999—Decided September 1, 1999.)

APPEAL from the Court of Appeals for Montgomery County, No. CA 17547.

————————————

{¶ 1} In December 1992, appellant, M. Wayne Forsyth, filed a motion in the Montgomery County Court of Common Pleas, Domestic Relations Division, to have depositions of himself and his wife filed in his divorce case. Subsequently, the common pleas court issued a divorce decree. See, *e.g., Forsyth v. Forsyth* (June 14, 1996), Montgomery App. No. 15487, unreported, 1996 WL 325507.

{¶ 2} In December 1998, Forsyth filed a complaint in the Court of Appeals for Montgomery County for a writ of mandamus to compel appellee, Judge V. Michael Brigner, to rule on his December 1992 motion, which he contended had never been adjudicated. Judge Brigner filed a motion to dismiss Forsyth's complaint. The court of appeals dismissed the complaint.

{¶ 3} This cause is now before the court upon an appeal as of right.

————————————

*M. Wayne Forsyth, pro se.*

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *John F. Krumholtz*, Assistant Prosecuting Attorney, for appellee.

————————————

*Per Curiam.*

**{¶ 4}** Forsyth asserts that the court of appeals erred in dismissing his mandamus action. For the reasons that follow, Forsyth's claims are meritless.

**{¶ 5}** Although mandamus and procedendo will issue in cases of a court's undue delay in entering judgment, *State ex rel. Dehler v. Sutula* (1995), 74 Ohio St.3d 33, 35, 656 N.E.2d 332, 333, it is evident here that even assuming no express ruling on the pretrial motion, the trial court overruled Forsyth's motion to have depositions filed when it entered its divorce decree. See *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 469, 692 N.E.2d 198, 201 ("[W]hen a trial court fails to rule on a pretrial motion [and proceeds to judgment in the case], it may ordinarily be presumed that the court overruled it"). Forsyth is not entitled to a writ of mandamus to compel Judge Brigner to do an act that has already been performed. *State ex rel. Eads v. Callahan* (1998), 82 Ohio St.3d 405, 406, 696 N.E.2d 581, 582.

**{¶ 6}** In addition, to the extent that Forsyth challenged Judge Brigner's ruling on the pretrial motion, he had an adequate legal remedy by raising this challenge in his appeal from the divorce decree. *Forsyth v. Forsyth* (June 14, 1996), Montgomery App. No. 15487, unreported, 1996 WL 325507. A plain and adequate remedy in the ordinary course of law precludes extraordinary relief in mandamus. *State ex rel. Natl. Electrical Contrs. Assn. v. Ohio Bur. of Emp. Serv.* (1998), 83 Ohio St.3d 179, 183, 699 N.E.2d 64, 67.

**{¶ 7}** Finally, Forsyth erroneously submits evidence that is not part of the court of appeals' record to support his contentions. We cannot add matter to the record before us and decide this appeal based upon that new matter. *State ex rel. Cotton v. Ghee* (1998), 84 Ohio St.3d 54, 55-56, 701 N.E.2d 989, 990.

**{¶ 8}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————