OPINION
This appeal arises from the trial court's decision granting Plaintiff-Appellee David May Ministries' ("Plaintiff") motion for default judgment and implicitly overruling Defendant-Appellant Calicoat Plumbing, Heating Air's ("Defendant") motion for relief from judgment. The procedural history of this case is a bit convoluted, but proceeded as follows.
Originally, Plaintiff filed a complaint in the small claims division of Xenia Municipal Court against Keith Calicoat, dba Calicoat Plumbing for $1829.02 on a breach of contract claim. Calicoat timely filed an answer and moved to transfer the case to the civil division because he wished to file a counterclaim. His answer noted as one of his defenses failure to name necessary parties. The case was transferred to the civil division and a trial date was set. Twice Plaintiff moved for and was granted continuances until a final trial date was set for October 30, 1998.
As the first witness at trial, Plaintiff called Keith Calicoat as on cross examination. While on the stand, Calicoat testified that he was an employee and officer in Calicoat Plumbing, Heating Air, Inc., and was not in business for himself as Calicoat Plumbing at the time the contract was entered. Further questioning revealed that Calicoat Plumbing, Heating 
Air, Inc. entered the contract with Plaintiff, not Keith Calicoat the individual. At this point, the trial was stopped. The court expressed its dissatisfaction with the age of this case, but agreed to allow Plaintiff time to file an amended complaint and Defendant time to answer and file any necessary counterclaims. Both counsel assured the court they would timely file their pleadings.
On November 4, 1998, the trial court issued an order allowing Plaintiff fourteen days to file its amended complaint and Defendant fourteen days thereafter to file its answer and counterclaim. Just two days later, counsel for Defendant filed a motion to withdraw from representation, claiming as a conflict of interest his representation of Plaintiff within the past twelve months. The court did not rule on this motion until December 14, 1998, at which time the motion was granted.
Meanwhile, on November 13, 1998, Plaintiff filed its amended complaint, naming Calicoat Plumbing, Heating Air, Inc. as a Defendant and increasing the damages amount to $3000. Later, on December 21, 1998, Plaintiff filed a second amended complaint which simply changed the address where the work was performed under the contract. No leave was requested to file this second amended complaint.
Nothing else was filed in the case until April 15, 1999, when the court filed a notice and judgment of dismissal for lack of progress. Plaintiff responded to this notice by filing a motion for good cause and default judgment on April 21, 1999. In its motion, Plaintiff indicated that nothing had been filed sooner because it assumed an order was forthcoming from the court regarding withdrawal of Defendant's counsel. Two days after Plaintiff's motion, the court granted default judgment against Defendant based on Plaintiff's second amended complaint.
Subsequently, Defendant timely filed a Civ.R. 60(B) motion for relief from the default judgment and a motion for leave to file an answer and counterclaim. On that same date, the court "set aside" its default judgment realizing its error in not providing Defendant seven days notice pursuant to Civ.R. 55(A). Defendant filed a response to the motion for default as well as again requesting leave to file an answer and counterclaim.
A week later, the trial court issued a judgment entry ratifying and incorporating its May 11, 1999 judgment entry and stating that the default judgment would not be set aside. The entry stated, "[t]his Court has bent over backwards on this case to afford opportunities to complete the case. The Civil Rules have been very liberally applied." Further, the court indicated that any attempted filings after the judgment entry would be refused or stricken from the record. Defendant timely appealed this decision of the trial court raising the following assignments of error:
 The Trial Court erred and abused its discretion when it allowed Defendants' counsel to withdraw without ensuring no prejudice would result, and when it implicitly refused to grant Defendants leave to file their Answer and Counterclaim out of time to Plaintiff's First or Second Amended Complaints and/or when it failed to rule on Defendants' Motion for Leave to File Answer and Counterclaim, in response to which motion no opposition was filed by the plaintiff, because leave was not obtained for filing the second amended complaint, because one of the defendants had previously filed an answer denying the original complaint and asserting various defenses to it, because the defendants had testified in open court in a partial trial on the merits, because defendants' former counsel was permitted to withdraw from the case after the time for answering the amended complaint had passed without filing an answer and without informing defendants that one still needed to be filed, because even counsel for plaintiff expected that some further order of the court was forthcoming on the issue of getting new counsel and filing an answer, and because defendants had submitted evidence clearly demonstrating both that there were justifiable reasons for the failure to file an answer and that there were meritorious defenses and a counterclaim to be presented. Judgment Entries filed April 23, 1999, May 11, 1999, and May 25, 1999.
 The Trial Court erred and abused its discretion when it failed to hold a hearing and take evidence upon the Motion for Default Judgment and when it granted Default Judgment against the Defendants upon Plaintiff's Second Amended Complaint because leave was not obtained for its filing, because one of the defendants had previously filed an answer denying the original complaint and asserting various defenses to it, because the defendants had testified in open court in a partial trial on the merits, because defendants' former counsel was permitted to withdraw from the case after the time for answer had passed without filing an answer and without informing defendants that one still needed to be filed, because even counsel for plaintiff expected that some further order of the court was forthcoming on the issue of getting new counsel and filing an answer, and because defendants had submitted evidence clearly demonstrating both that there were justifiable reasons for the failure to file an answer and that there were meritorious defenses and a counterclaim to be presented. Judgment Entries filed April 23, 1999, May 11, 1999, and May 25, 1999.
 The Trial Court erred and abused its discretion when it refused to grant relief from the Default Judgment and/or when it revoked the relief from and the setting aside of the Default Judgment against the Defendants upon Plaintiff's Second Amended complaint and when it ordered that no further requests for relief from judgment could be filed because defendants had timely filed for relief from the Default Judgment and had submitted evidence clearly demonstrating both that there were justifiable reasons for the failure to file an answer and that there were meritorious defenses and a counterclaim to be presented, and because one of the defendants had previously filed an answer denying the original complaint and asserting various defenses to it, and further because the defendants had testified in open court in a partial trial on the merits opposing and contradicting the plaintiff's claims. Judgment Entries filed April 23, 1999, May 11, 1999, and May 25, 1999.
 The Trial Court's Default Judgment(s) was/were error and against the manifest weight of the evidence because it/they was/were solely based on "deemed" admissions which were directly contradicted by prior pleadings denying the same essential allegations and by facts in evidence which demonstrated that plaintiff was not the real party in interest, that the individual defendant was merely an employee and not a party to the contract, that the corporate defendant had a meritorious counterclaim, and that there were meritorious defenses on behalf of both defendants against the plaintiff's claims, including false representations by the plaintiff and plaintiff's own breach of contract in failing to pay. Judgment Entries filed April 23, 1999, May 11, 1999, and May 25, 1999.
In the interest of clarity, we will approach the opinion by addressing the issues presented for review in Plaintiff-Appellee's brief and Defendant-Appellant's reply brief:
 Did the court commit error prejudicial to the substantial rights of the Appellants by not ruling on Appellant's motion for leave to file an answer and counterclaim?
 Did the court commit error prejudicial to the substantial rights of Appellants by granting relief to Appellee on its second amended complaint filed without leave of court?
 Did the court commit error prejudicial to the substantial rights of Appellants by granting default judgment in favor of Appellees without a hearing?
 I
The first issue addresses Defendant's requests for leave to file an answer and counterclaim out of time. These requests were filed during the pendency of a default judgment motion and a Civ.R. 60(B) motion for relief from judgment. There is no record that the court ever expressly ruled on Defendant's motion requesting leave. However, when a court does not rule on a motion, it may be presumed that the motion is overruled. State ex rel.Forsyth v. Brigner (1999), 86 Ohio St.3d 299, 300. Therefore, there was no error in failing to rule on the motion.
We must also address whether the trial court erred in overruling Defendant's request for leave to file an answer and counterclaim. Civ.R. 15(A) states that leave to file amended pleadings "shall be freely given when justice so requires." In this case, there was a motion for default judgment and a motion for relief from judgment also pending at the time Defendant requested leave to file his amended answer and counterclaim. Since the outcome of these motions would be dispositive of the case, it was not error for the trial court to overrule Defendant's motion for leave. However, if the case was not terminated through default judgment, leave should have been freely granted in accordance with the rule.
 II
The main issue in this case is the third issue presented above, whether the trial court abused its discretion in entering default judgment in favor of Plaintiff without first holding a hearing. Civ.R. 55(A) allows for a plaintiff to file a motion for default judgment when the defendant has failed to plead or otherwise defend. The rule further states: "If the party against whom judgment by default is sought has appeared in the action, he shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." If a party wishes to have a default judgment set aside, a Civ.R. 60(B) motion must be filed, as Defendant did in this case. Civ.R. 55(B).
The Supreme Court has set the standard for prevailing on a Civ.R. 60(B) motion as follows:
 [T]he movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph one of the syllabus. A trial court has sound discretion to determine whether to grant a motion for relief from judgment, and the decision will not be reversed absent an abuse of this discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. However, if the motion is timely filed and the party has a meritorious defense, "doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." GTE, supra, at paragraph two of the syllabus.
Although a movant is not required to submit evidentiary materials in support of his motion for relief from judgment, he is not entitled to relief as a matter of law based upon bare allegations. Kay v. Marc Glassman (1996), 76 Ohio St.3d 18, 19-20. For this reason, some parties choose to submit evidentiary materials along with their Civ.R. 60(B) motions. Nonetheless, if the motion contains allegations of operative facts that would entitle him to relief from judgment, it is an abuse of discretion for the trial court not to hold a hearing on the motion. Id.
In the present case, Defendant had not filed an answer to either of Plaintiff's amended complaints and therefore, a motion for default judgment was properly filed. However, since Defendant had consistent involvement in the action up to the filing of the amended complaint, including an original answer and appearance at trial, the court was required to give notice of default and allow seven days prior to hearing for response. This was not originally done. Therefore, Defendant filed a Civ.R. 60(B) motion for relief from judgment requesting the court to set aside the default judgment and allow an answer and counterclaim to be filed out of time. This motion was not supported by evidentiary materials. In response, the court did set aside the default judgment, but only for the limited purpose of allowing Defendant seven days to respond to the motion for default. Following Defendant's response, the court granted default judgment for Plaintiff without holding a hearing. Since Defendant's motion was not supported by evidentiary materials, the question then becomes whether Defendant alleged operative facts to entitle him to relief. If so, the trial court's failure to hold a hearing was an abuse of discretion.
First, Defendant was required to show that he had a meritorious defense to Plaintiff's claims. See GTE, supra. This burden is simply to allege the defense, not prove that it will succeed. Argo Plastic Prod. v. City of Cleveland (1984), 15 Ohio St.3d 389,393-94. In his memorandum filed May 18, 1999, Defendant listed several defenses, including that Keith Calicoat, dba Calicoat Plumbing was improperly named as a party, allegations of negligent or intentional misrepresentation by Plaintiff regarding the subject of the contract, and a counterclaim for payment for work performed under the contract. These defenses are sufficiently meritorious to satisfy the first element under GTE.
In addition, although not raised below, Defendant also has a meritorious defense of standing. The party to the underlying contract in this action was David May, the individual, not David May Ministries. Ohio law only allows a party to a contract or a third-party beneficiary to bring an action for breach. Simpson v. Bakers/Local No. 57, Bakery,Confectionery Tobacco Workers Internatl. Union, AFL-CIO CLC
(May 1, 1998), Hamilton App. No. C-960517, unreported, citingTrinova Corp. v. Pilkington Brothers, P.L.C. (1994),70 Ohio St.3d 271, 277-78. There has been no allegation that David May Ministries has any relationship to this contract, nor that it would benefit or be injured by the outcome of the case. See State ex rel. Sinay v. Sodders (1997),80 Ohio St.3d 224, 226. Therefore, it appears David May Ministries is not the party in interest and would not have standing to bring this suit. Civ.R. 17(A)., Defendant must next establish he is entitled to relief under one of the grounds listed in Civ. R. 60(B). GTE, supra. Defendant alleges that his basis for failure to timely file the answer was excusable neglect, as found in Civ.R. 60(B)(1). Excusable neglect has only been defined in the negative by stating, "the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'"Kay v. Marc Glassman, Inc., 76 Ohio St.3d at 20
(citations omitted). Further, the Supreme Court has held that excusable neglect must be liberally construed, keeping in mind that Civ.R. 60(B) represents an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." Colleyv. Bazell, (1980), 64 Ohio St.2d 243, 248., Defendant's allegation of excusable neglect results from his attorney's unanticipated withdrawal from representation and personal problems during the same period of time. Defendant's previous attorney filed his motion to withdraw on November 6, 1998, just two days after the court set time limits for filing the amended complaint and answer. At the trial just a week before, Defendant's attorney had assured the court that he would timely file an answer to Plaintiff's amended complaint. The answer was due November 28, at which time the court still had not ruled on counsel's motion to withdraw, leaving Defendant in limbo. When the court did finally grant counsel's motion on December 14, Defendant was involved in a personal situation in which his wife had taken their children out of state without his permission, forcing him to file contempt charges. We agree with Plaintiff that Defendant's personal problems, in and of themselves, do not amount to excusable neglect. See Fouts v. Weiss-Carson (1991),77 Ohio App.3d 563, 566. However, when coupled with his counsel's hasty departure which left him unaware of the status of his case, we cannot say that this was "a complete disregard of the judicial system." Considering also that we are to construe "excusable neglect" liberally, we feel it was sufficiently demonstrated in this case.
The third element to prove for success on a Civ.R. 60(B) motion is timeliness. GTE, supra. Defendant filed his motion within a few weeks of the default judgment, clearly within the one year requirement of the rule.
Based on the above analysis, Defendant has sufficiently alleged operative facts that would entitle him to relief on his Civ.R. 60(B) motion. As a result, the trial court's failure to hold a hearing on Defendant's motion was an abuse of discretion. Accordingly, the trial court's judgment is reversed and remanded
for a hearing on Defendant's Civ.R. 60(B) motion for relief from judgment.
The second issue regarding Plaintiff's second amended complaint is rendered moot pursuant to App.R. 12(A). Further, if the trial court decides following the hearing to grant Defendant's Civ.R. 60(B) motion, it should also reconsider the motion for leave to file an answer and counterclaim based on our previous discussion.
FAIN, J., and YOUNG, J., concur.
Copies mailed to:
Richard A. Boucher, Dawn S. Garrett, HON. SUSAN L. GOLDIE