OPINION
Defendants-appellants, James and Eva Ethridge ("the Ethridges"), appeal a decision of the Warren County Court of Common Pleas awarding $35,500 to plaintiff-appellee, Jerry Nelis ("Nelis"), in an action for unjust enrichment. The judgment of the trial court is affirmed.
Nelis owned lot number one, of the Center Springs Estates, second addition, in Warren County. On July 13, 1994, Nelis formed a limited partnership with Sargent Construction and William Yoakam, another investor. Sargent's sole shareholder and president was Doug Sargent ("Sargent"). The partnership was formed to develop the lot that Nelis owned. Under the partnership agreement, Sargent was required to construct a residence on the lot and sell it for a profit. The agreement also indicated how the profits were to be divided between the partners.
As part of the development venture, Sargent also contracted with Nelis to purchase the real estate for $36,500. The contract indicated that Sargent made a down payment of $1,000 and that possession of the property would be given to Sargent upon payment of the balance of the purchase price. The partnership agreement required that Sargent pay for the property upon its sale.
The Ethridges also invested in Sargent's construction ventures. By mid-1994 the Ethridges had invested much of their savings in Sargent's construction business. The Ethridges began to question the security of their investments and asked Sargent to provide some kind of collateral for the money he owed them. Sargent represented to the Ethridges that he had acquired the property owned by Nelis, "free and clear," and promised to deed the property to the Ethridges as collateral for prior loans. Sargent told the Ethridges that he would construct a residence on the lot, and that they could keep the profits from the sale of the residence after payment of the construction costs.
Sargent failed to pay the balance due on the property under the terms of the contract with Nelis, and the property was never deeded to Sargent. Nevertheless, Sargent convinced Nelis to deed the property directly to the Ethridges. Although it is undisputed that Nelis was not paid for the property, the auditor's real property conveyance statement reflects that the purchase price was $365,000, and had been paid in cash. The Ethridges used the property as collateral for a $155,000 construction loan to build a home on the lot.
Sargent's deceit became apparent several months later when he filed for bankruptcy. It was then that the Ethridges discovered that Nelis had never been paid for the property. Until this time, the Ethridges were completely unaware of Sargent's business relationship with Nelis. After Sargent filed for bankruptcy, Nelis asked the Ethridges to sign a note and mortgage for the property. Although the Ethridges refused this request, they indicated that they would pay Nelis for the property after they recouped their own expenses for the construction of the home. The Ethridges finished construction of the home and listed it for sale. They rented it until it eventually sold in January 1998. However, the Ethridges ultimately sustained a loss on the sale of the home, and Nelis was not paid.
On April 13, 1999, Nelis filed a complaint against the Ethridges, seeking to recover $36,500, the sale price of the property. The Ethridges filed a motion for summary judgment and Nelis filed a memorandum contra. A hearing was held on January 13, 2000. At the hearing, the parties stipulated the facts as presented in the motion for summary judgment and memorandum contra. The trial court issued a decision on January 25, 2000, awarding Nelis $35,500, with interest, the balance owed on the property after deducting the down payment made by Sargent. The Ethridges appeal, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED BY FINDING THAT THE DEFENDANT-APPELLANT WAS UNJUSTLY ENRICHED AT THE EXPENSE OF THE PLAINTIFF-APPELLEE.
 In their first assignment of error, the Ethridges contend that the trial court erred by finding that they were unjustly enriched at Nelis's expense.
We initially note that, contrary to appellants' contention, the trial court's decision in the present case is not "essentially" a decision granting summary judgment in favor of Nelis, requiring a de novo review by this court. On the day of trial, the parties stipulated to all of the relevant facts and submitted the matter to the court. Although the Ethridges filed a motion for summary judgment, Nelis never did. Accordingly, there was no motion pending for the court to grant in Nelis' favor. Rather, the trial court rendered a decision in Nelis' favor and overruled the Ethridges' motion for summary judgment by its silence. SeeState ex rel. Forsyth v. Brigner (1999), 86 Ohio St.3d 299, 300.
A trial court's decision regarding unjust enrichment will not be reversed if it is supported by the manifest weight of the evidence.Dixon v. Smith (1997), 119 Ohio App.3d 308, 318, citing C.E. Morris Co.v. Foley Constr. Co. (1978), 54 Ohio St.2d 279. A reviewing court must be "guided by a presumption that the findings of the trier of fact were indeed correct." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80. Accordingly, a judgment which is supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.Id.
In order to recover under the theory of unjust enrichment, a plaintiff must demonstrate
 (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment * * *.
 Hambleton v. R.G. Barry Corporation (1984), 12 Ohio St.3d 179, 183; Hummel v. Hummel (1938), 133 Ohio St. 520, 525. Liability under unjust enrichment "arises out of the obligation cast by law upon a person in receipt of benefits which he is not justly entitled to retain * * *." Hummel at 525.
Upon review of the stipulated facts, it can hardly be disputed that Nelis conferred a benefit upon the Ethridges by transferring the property. Nelis suffered a loss of $35,500, the value of the lot less the down payment received, and the Ethridges received the corresponding benefit, even if they sustained a loss on the overall venture. That the Ethridges ultimately lost money on the investment does not negate the fact that they benefited from the receipt of the land.
The stipulated facts also support the trial court's finding that the Ethridges were aware of the benefit conferred on them. The deed to the lot was properly recorded and indicates that the Ethridges purchased the property from Nelis for $36,500. The Ethridges subsequently used the lot as collateral to obtain a construction loan. The power of attorney that they granted Sargent in order to obtain the loan indicates that they are purchasing the property from Nelis. The deed, power of attorney, and mortgage were executed on August 1, 1994 and the Ethridges do not dispute having knowledge of these details of the transaction. Although perhaps not immediately aware of Sargent's double dealing, the Ethridges were certainly aware that they received title to the property from Nelis without payment.
Lastly, the stipulated facts support the trial court's finding that it would be unjust for the Ethridges to retain the benefit conferred to them by Nelis. Whether the Ethridges ultimately profited from the venture is not germane to the resolution of the present dispute. Even if the Ethridges sustained a loss, the loss was reduced by the value of the property which they received without payment. The Ethridges took title to the property, developed it, and sold it. The Ethridges benefited at Nelis' expense, and it would be unjust if Nelis were not compensated for the property.
The Ethridges contend that a claim for unjust enrichment requires evidence of fraud, deceit, malice, or bad faith on the part of the enriched party. Although this contention is accurate when the parties have entered into an express contract, there is no fraud requirement when the parties' conduct is not governed by an express contract, as in the present case. See Kappes v. Village of Morrow (May 4, 1998), Clermont App. No. CA97-09-078, unreported, citing Hummel 133 Ohio St. at 528. If the parties' conduct is not governed by an express contract, unjust enrichment occurs where a person merely has and retains money or benefits which in justice and equity belong to another. Hummel at 528 (citations omitted). The law of unjust enrichment does not require that the enriched individual act fraudulently or with malice. Id. at 525-528.
We find that the trial court's decision is supported by credible and competent evidence relating to each element of unjust enrichment. Accordingly, the first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN FINDING THAT NELIS WAS ENTITLED TO THE ENTIRE VALUE OF THE LOT.
 In their second assignment of error, the Ethridges contend that Nelis, if entitled to payment, should only receive one-half of the property's value, as this is the amount he would have received under the partnership agreement with Yoakam and Sargent.
The partnership agreement that Nelis, Yoakam, and Sargent entered into provided for the distribution of profits once the property was developed and sold. Paragraph four of the agreement states, "Nelis/Yoakam shall be paid the lot price of $36,500 upon the closing/selling of the house and lot * * *." However, the development and sale as contemplated by the partnership agreement never took place. As Nelis was the sole owner of the property at the time it was transferred to the Ethridges he is entitled to recoup the entire purchase price. The second assignment of error is overruled.
The decision of the trial court is affirmed.
YOUNG and WALSH, JJ., concur.