{¶ 44} I respectfully dissent from the decision of the majority overruling the third assignment of error.
{¶ 45} A trial court's decision to grant or deny a Civ.R. 15(A) motion for leave to amend a pleading is discretionary. Brannan v. Fowler
(1995), 100 Ohio App.3d 577. Civ.R. 15(A) mandates that "[l]eave shall be freely given when justice so requires." Therefore, "[i]t is an abuse of discretion for a court to deny a motion, timely filed, seeking leave to file an amended complaint, where it is possible that plaintiff may state a claim upon which relief may be granted and no reason otherwise justifying denial of the motion is disclosed." Peterson v. Teodosio
(1973), 34 Ohio St.2d 161, Syllabus by the Court, paragraph six.
{¶ 46} We may presume that the trial court overruled Plaintiff's motion to amend the complaint she filed in this action in order to add a breach of contract claim when the court granted Defendant's motion for summary judgment, terminating the action. State ex rel. Forsyth v.Brigner, 86 Ohio St.3d 299, 1999-Ohio-105. A similar presumption doesn't apply to the court's reasons for denying the motion to amend, which are unexplained. Absent "good reason" why the motion to amend should have been denied, reversal is required. Peterson v. Teodosio, supra.
{¶ 47} The majority finds good reason in the fact that Plaintiff's motion to amend was not timely filed. That finding has some support in the record. The Plaintiff's initial complaint was filed in 1997, but was later voluntarily dismissed. A new complaint was filed on March 17, 2000. Defendants filed an answer on April 14, 2000. Defendants filed a motion for summary judgment more than one year later, on July 3, 2001. Plaintiff's motion for leave to amend was filed on August 2, 2001, one month after that. The trial court granted summary judgment for the Defendants on November 9, 2001.
{¶ 48} Allowing Plaintiffs to amend their complaint would likely have required a continuance of the September 10, 2001 trial date, as Judge Young suggests. However, that trial date was continued in any event, probably to allow the court to rule on Defendants' summary judgment motion. Whether some more lengthy extension of time would have been required had the court instead granted Plaintiff's motion to amend is unclear.
{¶ 49} Neither is it wholly clear whether the Plaintiff was aware of the grounds for her breach of contract claim much earlier in time. In its April 14, 2000 answer to Plaintiff's complaint, Defendants asserted at paragraph three that Defendant Nationwide Mutual Insurance Company had "issued a policy of insurance to Plaintiff that provided uninsured, underinsured, and medical payment coverage." When Defendants later contradicted the same proposition in their motion for summary judgment, denying that they had provided UM/UIM coverage, Plaintiff filed her motion to amend to add a breach of contract claim, arguing that she had paid for UM/UIM coverage.
{¶ 50} Defendants argue that Plaintiff was aware of their position on the coverage issue from the beginning, because their denial of coverage had prompted Plaintiff to file this lawsuit. That obviously is true. However, Defendants' payment of some of Plaintiff's medical bills muddies the waters on that point, as does the curious provision in their policy identifying Plaintiff as a "principal driver" though not one of the named insureds. If Plaintiff paid for UM/UIM coverage, as she maintains, the distinction may be immaterial.
{¶ 51} These considerations weigh against an inference that the trial court had "good reason" to overrule Plaintiff's motion to amend because it was untimely. The trial court may have overruled the motion as untimely, but the finding we must make on Plaintiff's abuse of discretion claim requires, in my view, some explanation by the trial court of what its reason was. Lacking such a finding, I would reverse and remand for further proceedings on Plaintiff's motion for leave to amend, which Civ.R. 15(A) states "shall be freely given when justice so requires."