[Cite as *State v. Collier*, 2011-Ohio-3988.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96075**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LAWRENCE COLLIER

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-201669

**BEFORE:** Keough, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 11, 2011

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, OH 44113-2098

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Matthew E. Meyer
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1}   Defendant-appellant, Lawrence B. Collier ("Collier"), appeals from the trial court's judgment denying his petition for postconviction relief.   We affirm.

I

{¶ 2}   This court set forth the procedural history of this case in *State v. Collier* (June 11, 1987), Cuyahoga App. No. 51193.   Collier was indicted in August 1985 for aggravated murder in violation of R.C. 2903.01 with felony murder and gun specifications, aggravated robbery in violation of R.C. 2911.01 with a gun specification, and rape in violation of R.C. 2907.02 with a gun specification.   He pled not guilty to the indictment.   Id.

{¶ 3} Trial commenced in November 1985. Two weeks into trial, Collier withdrew his not guilty plea and pled guilty to one count of aggravated murder with felony murder and gun specifications, one count of aggravated robbery with a gun specification, and one count of rape with a gun specification. Id.

{¶ 4} Prior to sentencing, Collier moved to withdraw his guilty plea and to dismiss the indictment because of "discriminatory enforcement in a capital case." Id. After a hearing, the trial court denied the motions. It then sentenced Collier to life imprisonment with parole eligibility after 20 years for the aggravated murder conviction, 10 to 25 years for the aggravated robbery conviction with 3 years actual time for the gun specification, and 10 to 25 years for the rape conviction. The sentences were ordered to be served concurrently but consecutive to the 3-year actual term for the gun specification. Id.

{¶ 5} On direct appeal, Collier argued that the trial court had erred in denying his motions to withdraw his plea and to dismiss the indictment. Id. He did not argue that the trial court had erred by accepting his guilty plea without convening a three-judge panel. This court affirmed Collier's convictions on appeal. Id.

{¶ 6} Thereafter, on April 1, 2005, 18 years after this court's decision in Collier's direct appeal, Collier filed an application to reopen his appeal. He argued that his indictment for aggravated murder carried a felony murder specification, making it a capital offense. Thus, he contended that the trial court's failure to convene a three-judge panel to conduct a hearing and impose sentence, as required under R.C. 2945.06 and

2945.74 for capital offenses, rendered its judgment and sentence void. He argued further that appellate counsel was ineffective because he did not assign as error the trial court's lack of jurisdiction to convict and sentence him. This court denied Collier's application to reopen as "extremely untimely." *State v. Collier*, Cuyahoga App. No. 51993, 2005-Ohio-5797, ¶3.

{¶ 7} On April 1, 2005, Collier also filed in the trial court a petition for postconviction relief under R.C. 2953.21, which he supplemented on October 24, 2005. The trial court denied Collier's petition on April 28, 2005, but made no findings of fact nor conclusions of law. Subsequently, on October 29, 2010, the trial court issued findings of fact and conclusions of law regarding Collier's petition. Collier now appeals from that judgment.

II

{¶ 8} Collier argues that the trial court erred in denying his petition for postconviction relief for two reasons: (1) the trial court did not convene a three-judge panel to hear evidence and determine the degree of the offense in his capital case as required by R.C. 2945.06 and 2945.74, and its failure to do so is a jurisdictional defect that renders his conviction and sentence void; and (2) he was denied effective assistance of appellate counsel because counsel did not raise this issue on direct appeal.

{¶ 9} We review a trial court's decision regarding a petition for postconviction relief for an abuse of discretion. *State v. Goza*, Cuyahoga App. No. 91085, 2008-Ohio-6493, ¶6. The term "abuse of discretion" means that the trial court's attitude

is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. We find no abuse of discretion here.

{¶ 10} First, Collier's petition for postconviction relief was untimely. Under R.C. 2953.21(A)(2), a petition for postconviction relief must be filed no later than 180 days after the filing of the record on direct appeal. There is no question that Collier's petition, filed some 18 years after his direct appeal was decided, was not filed within that time frame.

{¶ 11} R.C. 2953.23 governs untimely petitions for postconviction relief. It provides that a court may consider an untimely petition only if the petitioner demonstrates both that (1) he was "unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief," or that subsequent to the 180-day time period set forth in R.C. 2953.21(A)(2), the United States Supreme Court recognized a new federal or state right that applies retroactively to his situation and his claim is based upon that right; and (2) but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense of which he was convicted. "Unless the exceptions in R.C. 2953.23 apply, a judge lacks jurisdiction to consider a petition for postconviction relief." *State v. Short*, Cuyahoga App. No. 83492, 2004-Ohio-2695, ¶4.

{¶ 12} Collier failed to make either showing. In fact, he made no argument whatsoever in his petition for postconviction relief as to why the court should consider his untimely petition. Because he failed to offer any valid excuse for the delay in filing his

petition or demonstrate that the United States Supreme Court recognized any new right applicable to him, his petition was untimely and the trial court lacked jurisdiction to consider it. *State v. Boynton*, Cuyahoga App. No. 95136, 2010-Ohio-6194, ¶7.

{¶ 13} Moreover, even if Collier had filed a timely petition, his claims are without merit. Collier's assertion that the failure to have a defendant plead guilty to a capital indictment before a three-judge is a "jurisdictional defect" that renders his conviction and sentence void is incorrect. In *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, the Supreme Court of Ohio held that "[t]he failure of the court to convene a three-judge panel, as required by R.C. 2945.06, does not constitute a lack of subject-matter jurisdiction that renders the trial court's judgment void ab initio and subject to collateral attack in habeas corpus. It constitutes an error in the court's exercise of jurisdiction that must be raised on direct appeal." Id., ¶36.

{¶ 14} But Collier did not raise the issue on direct appeal. Thus, under the doctrine of res judicata, which bars the further litigation in a criminal case of issues that were or could have been raised previously in a direct appeal, he is precluded from now raising this claim. *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus; *State v. Gross*, Cuyahoga App. No. 93819, 2010-Ohio-3727, ¶8.

{¶ 15} In *State v. Melton*, Cuyahoga App. No. 93299, 2010-Ohio-4476, this court considered a postconviction appeal brought nearly 15 years after the plea and sentence. The defendant claimed, as Collier does here, that "the trial court erred in accepting his guilty plea and imposing a sentence, 'without taking evidence, without any recorded

deliberation or determination by a three-judge panel as to the appropriateness of the charge, without any finding on the record that aggravated murder had been proven beyond a reasonable doubt, and without journalizing a finding of guilt.'" Id., ¶15. This court held that the issue could have been raised on direct appeal, however, and hence, under principles of res judicata, was waived. Id., ¶17, citing *Pratts*, supra.

{¶ 16} As in *Melton*, because Collier could have, but did not, raise the issue regarding his plea to a single judge rather than a three-judge panel on his direct appeal, any issue regarding his plea is now barred by res judicata. See, also, *State v. Stewart*, Franklin App. No. 09AP-817, 2009-Ohio-6423 (claimed violation of R.C. 2945.06 was barred by res judicata because it was known to and discoverable by appellant at the time of the trial court's original judgment and sentence, and could have been raised on direct appeal).

{¶ 17} Because Collier's petition for postconviction relief was untimely and his claims are without merit, the trial court properly denied the petition.

Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR