[Cite as *State ex rel. McGrath v. Calabrese*, 2011-Ohio-4833.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97082**

# STATE OF OHIO, EX REL. JOSEPH MCGRATH,

RELATOR

vs.

# JUDGE DEENA CALABRESE

RESPONDENT

## JUDGMENT:
## WRIT DENIED

Writ of Mandamus and of Procedendo
Motion No. 447156 and 446984
Order No. 447802

**RELEASED DATE:** September 19, 2011

**FOR RELATOR**

Joseph McGrath
Inmate No.570-434
Lake Erie Correctional Inst.
501 Thompson Road
Conneaut, OH 44030

**ATTORNEY FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By: James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1} On July 25, 2011, the relator, Joseph McGrath, commenced this mandamus and/or procedendo action against the respondent, Judge Deena Calabrese, to compel the judge to resolve motions for jail time credit and petitions for postconviction relief which he filed in the underlying cases, *State of Ohio v. Joseph McGrath*, Cuyahoga County Common Pleas Court Case Nos. Cr-516312 and CR-524159.[1] Additionally, he also seeks to compel the judge to

---

[1] McGrath filed motions for jail time credit in the underlying cases on July 1, 2009, asking for 260 days of credit, and December 1, 2010, asking for only 258 days. He filed the postconviction relief petitions on February 23, 2011.

serve any judgment entries upon him. McGrath also desires damages against the judge for his unnecessary litigation expenses caused by the judge's delay in resolving the pending matters.

{¶ 2} On August 17, 2011, the judge, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of mootness. Attached to the dispositive motion were certified copies of journal entries in the underlying cases, file-stamped on August 16, 2011, and signed by the respondent judge. The first entry granted, in part, McGrath's December 1, 2010 motion for jail time credit by granting him 247 days of jail time credit. The second entry provided: "Defendant's petitions for postconviction relief and/or to vacate void judgment filed on February 23, 2011 in the above cases are untimely under R.C. 2953.21(A)(2). None of the exceptions under R.C. 2953.23 apply. Therefore, this court lacks jurisdiction to consider defendant's petitions for postconviction relief and/or to vacate void judgment filed on February 23, 2011. *State v. Collier*, Cuyahoga App. No. 96075, 2011-Ohio-3988 ¶¶ 11-12." (Italics added.)

{¶ 3} On August 25, 2011, McGrath filed a brief in opposition to the judge's summary judgment motion and his own motion for summary judgment. McGrath argues that the judge has never served him with copies of the August 16, 2011 journal entries and that he has suffered damages as a result of the judge's failure to render any decisions. For the following reasons, this court grants the judge's motion for summary judgment, denies McGrath's summary judgment motion, and denies the application for a writ of mandamus and/or

procedendo.

{¶ 4} The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee v. Erie County Sheriff's Department* (1990), 51 Ohio St.3d 43, 553 N.E.2d 1354. Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Watkins v. Eighth District Court of Appeals*, 82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Thus, procedendo will not lie to control the exercise of judicial discretion. Moreover, it will not issue when there is an adequate remedy at law. *State ex rel. Utley v. Abruzzo* (1985), 17 Ohio St.3d 202, 478 N.E.2d 789 and *State ex rel. Hansen v. Reed* (1992), 63 Ohio St.3d 597, 589 N.E.2d 1324.

{¶ 5} The requisites for mandamus are also well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law, such as appeal. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914; *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; *State ex rel. Daggett v.*

*Gessaman* (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and *State ex rel. Pressley v. Industrial Commission of Ohio* (1967), 11 Ohio St.2d 141, 228 N.E.2d 631. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan* (Sept. 26, 1994), Cuyahoga App. No. 67787. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser* (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; *State ex rel. Shafer v. Ohio Turnpike Commission* (1953), 159 Ohio St. 581, 113 N.E.2d 14; *State ex rel. Connole v. Cleveland Board of Education* (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and *State ex rel. Dayton-Oakwood Press v. Dissinger* (1940), 32 Ohio Law Abs. 308.

{¶ 6} Although mandamus should be used with caution, the court has discretion in issuing it. In *State ex rel. Pressley v. Industrial Commission of Ohio* (1967), 11 Ohio St.2d 141, 28 N.E.2d 631, paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The court elaborated that in exercising that discretion the court should consider "the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case ***. Among the facts and

circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless." 11 Ohio St.2d at 161-162.

{¶ 7} This court rules that the respondent judge has fulfilled her duty to rule on the outstanding matters, and thus, the first claim is moot. Assuming arguendo that McGrath did not withdraw his first motion for jail time credit by filing his second motion and asking for less credit, by granting 247 days of jail time credit the respondent fulfilled her duty and specified the days of jail time credit. "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Howard v. Doneghy*, 102 Ohio St.3d 355, 2004-Ohio-3207, 810 N.E.2d 958 ¶2; *State ex rel. Forsyth v. Brigner* (1999), 86 Ohio St.3d 299, 714 N.E.2d 922; and *State ex rel. Fontanella v. Kontos*, 117 Ohio St.3d 514, 2008-Ohio-1431, 885 N.E.2d 220. Similarly, the judge's ruling resolved McGrath's postconviction relief petition. *State ex rel. Carrion v. Harris* (1988), 40 Ohio St.3d 19, 530 N.E.2d 1330. Moreover, in his brief in opposition McGrath does not question that the rulings resolved the outstanding matters.

{¶ 8} This court also declines to issue either the writ of mandamus or the writ of procedendo to compel service, even though McGrath complains that the respondent judge has

not served him with copies of these orders and generally has refused to serve him. In the present case the service of the motion for summary judgment has provided McGrath with the subject orders. Furthermore, this court notes that McGrath has prudently used his knowledge of the orders to appeal both of them. *State of Ohio v. Joseph McGrath*, Cuyahoga App. No. 97207. Therefore, this court rules that ordering service would be a vain act, with no benefit to McGrath. *State ex rel. Cotton v. Ghee*, 84 Ohio St.3d 54, 1998-Ohio-679, 701 N.E.2d 989 and *State ex rel. Thomas v. Ghee*, 81 Ohio St.3d 191, 1998-Ohio-461, 690 N.E.2d 6; Cf. *Kontos.* Moreover, the proper remedy for failure to serve is a Civ.R. 60(B)(5) motion to vacate and reissue, rather than an extraordinary writ. *State ex rel. Smith v. Fuerst* (Feb. 10, 2000), Cuyahoga App. No. 77325, affirmed 89 Ohio St.3d 456, 200-Ohio-218, 732 N.E.2d 983.

To the extent that McGrath seeks mandamus to compel the respondent judge to serve him with all orders in the future, the court declines to issue the writ. Mandamus does not lie to control or regulate a general course of conduct or to compel the observance of the law, and it does not lie in anticipation of an omission of duty, regardless how strong the presumption may be that the person will refuse to perform their duty when the proper time arrives. *State ex rel. Home Care Pharmacy, Inc. v. Creasy* (1981), 67 Ohio St.2d 342, 423 N.E.2d 482 and *Mihocka v. Ziegler* (1971), Ohio Misc. 105, 274 N.E.2d 583.

{¶ 9} Finally, there is no claim for money damages against a judge for litigation expenses caused by the judge's delay in ruling on a matter. *Borkowski v. Abood*, 117 Ohio

St.3d 347, 2008-Ohio-857, 884 N.E.2d 7.

{¶ 10} Accordingly, this court grants the respondent judge's motion for summary judgment, denies McGrath's motion for summary judgment, and denies the application for a writ of mandamus and/or procedendo.   Respondent to pay costs.   This court directs the Clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal.   Civ.R. 58

Writ denied.

KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, P.J., and
LARRY A. JONES, J.