[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 131.]

HOWARD, APPELLANT, *v.* SPORE, JUDGE, APPELLEE.

[Cite as *Howard v. Spore*, 2001-Ohio-297.]

*Complaint for writ of procedendo to compel municipal court judge to rule on relator's pending motions in a personal injury action—Mandamus sought to compel municipal court judge to report alleged ethical misconduct by an opposing attorney—Dismissal of case by court of appeals affirmed.*

(No. 00-1645—Submitted December 12, 2000—Decided March 7, 2001.)

APPEAL from the Court of Appeals for Lucas County, No. L-11-79.

————————————

*Per Curiam.*

{¶ 1} Appellant, Gregory T. Howard, filed a personal injury action in the Toledo Municipal Court. Appellee, Judge Judson P. Spore of the Perrysburg Municipal Court, was assigned to the case.

{¶ 2} In July 1999, Howard filed a motion for new trial or to amend findings and judgments. In the same motion, Howard filed an affidavit of disqualification against Judge Spore.

{¶ 3} In 2000, Howard filed a complaint in the Court of Appeals for Lucas County for a writ of procedendo to compel Judge Spore to rule on his pending motions. Howard also requested a writ of mandamus to compel Judge Spore to report alleged ethical misconduct by an opposing attorney in the underlying case. Judge Spore filed a motion to dismiss.

{¶ 4} In his appeal of right, Howard essentially contends that the court of appeals erred in dismissing his action in procedendo and mandamus. For the following reasons, Howard's contention is meritless.

{¶ 5} Howard is not entitled to a writ of procedendo because Judge Spore neither refused nor unnecessarily delayed proceeding to judgment. *State ex rel.*

*Weiss v. Hoover* (1999), 84 Ohio St.3d 530, 532, 705 N.E.2d 1227, 1229.  Under R.C. 2701.031(D)(1), Howard's affidavit of disqualification prevented Judge Spore from ruling on Howard's substantive motions in the underlying case until the presiding judge of the common pleas court decided the affidavit.  See *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 317-318, 725 N.E.2d 663, 667.

{¶ 6} Further, Howard is not entitled to a writ of mandamus to compel Judge Spore to report ethical misconduct because Howard has or had an adequate legal remedy by filing a grievance under Gov.Bar R. V.  See *State ex rel. Forsyth v. Brigner* (1999), 86 Ohio St.3d 299, 300, 714 N.E.2d 922, 923-924 ("A plain and adequate remedy in the ordinary course of law precludes extraordinary relief in mandamus"); cf. *Christensen v. Bd. of Commrs. on Grievances & Discipline* (1991), 61 Ohio St.3d 534, 537, 575 N.E.2d 790, 792 ("[The] disciplinary procedure is the equivalent of [an] appeal * * * and is an adequate remedy at law"). Further, to the extent that Howard may have already unsuccessfully invoked this alternate remedy, he may not relitigate the same issue by way of mandamus. *State ex rel. Smith v. Fuerst* (2000), 89 Ohio St.3d 456, 457, 732 N.E.2d 983, 985.

{¶ 7} Based on the foregoing, the court of appeals properly dismissed the case.  Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK, J., not participating.

————————————

*Gregory T. Howard, pro se.*
*Rayle, Matthews & Coon* and *Max E. Rayle*, for appellee.

————————————