DECISION AND JUDGMENT ENTRY
{¶ 1} On December 12, 2003, relator, Gregory Howard, filed a complaint in mandamus and/or procedendo, in which he asked this court to order respondent, the Honorable Judge Charles J. Doneghy of the Lucas County Court of Common Pleas, to rule on several motions pending in the trial court as part of a an administrative appeal, case no. CI-03-1864, and to "report misconduct of opposing counsels in the underlying case." Also named as respondents were the Industrial Commission of Ohio, the Administrator of the Bureau of Workers' Compensation, and Seaway Food Town, Inc. On January 15, 2004, this court filed a decision and judgment entry, in which we ordered respondent Judge Doneghy to respond and "either do the act requested by relator in his petition or show cause why he does not do so by filing an answer to relator's petition or a motion to dismiss relator's petition." In addition, we sua sponte dismissed the petition against the above-named co-respondents.
 {¶ 2} On January 21, 2004, respondent, Judge Doneghy, filed a judgment entry in which he granted summary judgment to the Bureau of Workers' Compensation and Seaway Foodtown, Inc., denied relator's motion for summary judgment, and ruled on relator's other 24 motions that were pending in the underlying action.
 {¶ 3} On January 29, 2004, respondent, Judge Doneghy filed a motion to dismiss this action pursuant to Civ.R. 12(B)(6). In support thereof, respondent states that relator is not entitled to procedendo because respondent has not unnecessarily delayed these proceeding to judgment in the underlying case; relator's motions that were pending were disposed of on January 21, 2004; and relator is not entitled to mandamus on the remaining issues because he has or had an adequate remedy at law. Relator filed a timely memorandum in opposition to respondent's motion to dismiss.
 {¶ 4} A motion to dismiss pursuant to Civ.R. 12(B)(6) may be granted only if, after presuming that all factual allegations of the complaint are true, and making all reasonable inferences in favor of the nonmoving party, it appears beyond doubt that the plaintiff can prove no set of facts warranting relief. Perez v.Cleveland (1993), 66 Ohio St.3d 397, 399, reversed on other grounds (1997), 78 Ohio St.3d 376.
 {¶ 5} Generally, in order for a writ of procedendo to issue, a relator must establish "a clear legal right to that relief and that there is no adequate remedy at law." State ex rel.Sherrills v. Cuyahoga Cty. Court of Common Pleas (1995),72 Ohio St.3d 461, 462. In order for a writ of mandamus to issue, relator must demonstrate that: "(1) [he] has a clear legal right to the relief prayed for, (2) respondent has a clear legal duty to perform the act requested, and (3) relator has no plain and adequate remedy at law." State ex rel. Botkins v. Laws (1994),69 Ohio St.3d 383, 384; State ex rel. Westchester Estates, Inc.v. Bacon (1980), 61 Ohio St.2d 42, paragraph one of the syllabus.
 {¶ 6} It is well-settled that "[n]either procedendo nor mandamus will compel the performance of a duty that has already been performed. State ex rel. Kreps v. Christiansen (2000),88 Ohio St.3d 313, 318, citing State ex rel. Grove v. Nadel
(1998), 84 Ohio St.3d 252, 253. Accordingly, relator's petition in procedendo has become moot as to those motions that were disposed of in the lower court's January 21, 2004 judgment entry.
 {¶ 7} Further, relator is not entitled to a writ of mandamus to compel Judge Doneghy to report ethical misconduct, because relator has or had an adequate remedy at law for reporting alleged ethical misconduct through the grievance procedure set forth in Gov.Bar R.V. Howard v. Spore (2001),91 Ohio St.3d 131, 132, 2001-Ohio-297.
 {¶ 8} Upon consideration of the foregoing, after presuming that all factual allegations of the complaint are true, and making all reasonable inferences in favor of the nonmoving party, it appears beyond doubt that the plaintiff can prove no set of facts warranting relief. Respondent Judge Doneghy's motion to dismiss the complaint in mandamus and/or procedendo pursuant to Civ.R. 12(B)(6) is found well-taken and is granted.
 {¶ 9} All pending motions filed in this court that have not been addressed herein are hereby rendered moot. Costs of these proceedings are assessed to relator.
 {¶ 10} Pursuant to Civ.R. 58(B), the clerk is directed to serve notice of this judgment and its date of entry on the journal on all parties not in default for failure to appear.
WRIT DISMISSED.
Judith Ann Lanzinger, J. and Arlene Singer, J., concur.