THE STATE EX REL. HOWARD, APPELLANT,
*v.* DONEGHY, JUDGE, APPELLEE, ET AL.

[Cite as *State ex rel. Howard v. Doneghy,*
102 Ohio St.3d 355, 2004-Ohio-3207.]

(No. 2004–0420—Submitted June 9, 2004—Decided July 7, 2004.)

**Per Curiam.**

{¶ 1} On December 12, 2003, appellant, Gregory T. Howard, filed a complaint in the Court of Appeals for Lucas County naming appellee, Judge Charles J. Doneghy of the Lucas County Court of Common Pleas, the Industrial Commission, the Administrator of Workers' Compensation, and Seaway Food Town, Inc., as respondents. Howard sought a writ of procedendo to compel Judge Doneghy to proceed to judgment in Howard's administrative appeal in the common pleas court. *Howard v. Indus. Comm.,* case No. CI0200301864. Howard alleged that Judge Doneghy had failed to rule on several motions in the administrative appeal. Howard also requested a writ of mandamus to compel Judge Doneghy to report to the Ohio State Bar Association alleged misconduct by opposing counsel in the appeal.

{¶ 2} On January 15, 2004, the court of appeals dismissed the Industrial Commission, the Administrator of Workers' Compensation, and Seaway Food Town, Inc. The court of appeals further issued an alternative writ and ordered the remaining respondent, Judge Doneghy, to do the acts requested by Howard or show cause why he would not.

{¶ 3} On January 21, 2004, Judge Doneghy entered judgment against Howard in his administrative appeal and denied all of Howard's pending motions. On January 29, 2004, Judge Doneghy moved to dismiss Howard's writ action. On

February 9, 2004, the court of appeals granted Judge Doneghy's motion and dismissed Howard's complaint.

{¶ 4} On February 11, 2004, Howard requested that the court of appeals vacate its February 9, 2004 judgment pursuant to Civ.R. 15, 56, and 60(B)(1) through (5). On March 4, 2004, the court of appeals denied Howard's motion.

{¶ 5} On appeal, Howard asserts that the court of appeals erred in dismissing his claims for writs of procedendo and mandamus and denying his Civ.R. 60(B) motion. Howard's assertion is meritless for the following reasons.

{¶ 6} First, Howard's claim for a writ of procedendo was rendered moot by Judge Doneghy's January 21, 2004 judgment in the underlying case. "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 318, 725 N.E.2d 663, citing *State ex rel. Grove v. Nadel* (1998), 84 Ohio St.3d 252, 253, 703 N.E.2d 304.

{¶ 7} Second, Howard was not entitled to a writ of mandamus to compel Judge Doneghy to report alleged ethical misconduct by opposing counsel, because Howard has or had an adequate legal remedy by filing a grievance under Gov.Bar R. V. *Howard v. Spore* (2001), 91 Ohio St.3d 131, 132, 742 N.E.2d 649.

{¶ 8} Third, the court of appeals properly denied Howard's Civ.R. 60(B) motion. " 'A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal * * *.' " *State ex rel. Bragg v. Seidner* (2001), 92 Ohio St.3d 87, 748 N.E.2d 532, quoting *Key v. Mitchell* (1998), 81 Ohio St.3d 89, 90–91, 689 N.E.2d 548. The issues raised in Howard's Civ.R. 60(B) motion could have been raised on appeal.

{¶ 9} Based on the foregoing, we affirm the judgment of the court of appeals.

{¶ 10} Moreover, we impose sanctions pursuant to S.Ct.Prac.R. XIV(5). Howard is no stranger to filing frivolous actions in this court. See *State ex rel. Howard v. Zimmerman*, 99 Ohio St.3d 1535, 2003-Ohio-4753, 795 N.E.2d 676, where we noted that "the continued filing by Gregory T. Howard of frivolous actions * * * will result in additional sanctions, including the forfeiture of security deposits, awards of expenses and attorney fees, costs or double costs, or any other sanction the court considers just"; *State ex rel. Howard v. Indus. Comm.*, 101 Ohio St.3d 1465, 2004-Ohio-819, 804 N.E.2d 39 (sanction of attorney fees awarded against Howard).

{¶ 11} Howard's appeal is frivolous because it is "not reasonably well-grounded in fact or warranted by existing law or a good faith argument for the extension, modification, or reversal of existing laws." S.Ct.Prac.R. XIV(5). As Judge Doneghy aptly observes, we rejected a similar mandamus claim by Howard a few years ago. *Howard*, 91 Ohio St.3d at 132, 742 N.E.2d 649. Therefore, we impose

sanctions against Howard under S.Ct.Prac.R. XIV(5) and order Judge Doneghy to submit within 20 days a detailed bill of reasonable expenses and reasonable attorney fees incurred by him in this appeal. Howard may file objections within ten days of the filing of the bill and documentation, and Judge Doneghy may file a reply to the objections within five days of the filing of the objections.[1]

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Gregory T. Howard, pro se.

Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell, Assistant Prosecuting Attorney, for appellee.

---

1. We deny Howard's motion to consolidate this case with *State ex rel. Howard v. Lucas Cty. Court of Common Pleas,* 102 Ohio St.3d 1457, 2004-Ohio-2569, 809 N.E.2d 31.