IN PROCEDENDO {¶ 1} Relator, Joseph Banks, has filed an original action requesting this court to issue a writ of procedendo to order respondent, Franklin County Court of Common Pleas Judge Nodine Miller, to rule on his July 17, 2003 motion for relief from judgment filed in case No. 98CR-3174. Respondent filed a motion for summary judgment, pursuant to Civ.R. 56, attaching a certified copy of a September 27, 2004 judgment entry that denied relator's motion for relief from judgment.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate recognized that respondent "has performed the act which relator seeks to compel in this action." Thus, the magistrate decided that we should grant respondent's motion for summary judgment. Neither party has filed objections to the magistrate's decision.
 {¶ 3} A writ of procedendo will not "`compel the performance of a duty that has already been performed.'" State ex rel. Howard v. Doneghy,102 Ohio St.3d 355, 2004-Ohio-3207, at ¶ 6, quoting State ex rel. Krepsv. Christiansen (2000), 88 Ohio St.3d 313, 318. Thus, respondent's decision on relator's motion for relief from judgment renders moot relator's request for a writ of procedendo. Doneghy at ¶ 6.
 {¶ 4} As such, the magistrate properly found that there are no genuine issues of material fact and that respondent is entitled to judgment as a matter of law pursuant to Civ.R. 56(C). Accordingly, following a review of the magistrate's decision and an independent review of the evidence, we find that the magistrate properly determined the pertinent facts and applied the relevant law. We adopt the magistrate's decision as our own, except that we correct the caption "In Mandamus" to "In Procedendo." Consequently, we grant respondent's motion for summary judgment and deny relator's request for a writ of procedendo. See State ex rel. Moore v.Sadler, Franklin App. No. 01AP-1316, 2002-Ohio-3071, at ¶ 5 (denying a relator's petition for a writ of mandamus upon adopting the magistrate's decision to grant summary judgment in favor of a respondent).
Motion for summary judgment granted, writ of procedendo denied.
Brown, P.J., and Klatt, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
 State ex rel. Joseph Banks, :
 Relator, :
 v. : No. 04AP-928
 Hon. Nodine Miller, Judge, Court of : (REGULAR CALENDAR)
 Common Pleas for Franklin County, Ohio, :
 Respondent. :
 MAGISTRATE'S DECISION Rendered on January 31, 2005 Joseph Banks, pro se.
Ron O'Brien, Prosecuting Attorney, and Mary Jane Martin, for respondent.
 IN [PROCEDENDO] ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT {¶ 5} In this original action, relator, Joseph Banks, an inmate of the Ross Correctional Institution, requests a writ of procedendo ordering respondent, the Honorable Nodine Miller, a Judge of the Franklin County Court of Common Pleas, to rule on his motion for relief from judgment filed July 17, 2003, in the common pleas court in case No. 98CR-3174.
Findings of Fact:
 {¶ 6} 1. On September 10, 2004, relator, an inmate of the Ross Correctional Institution, filed this original action requesting that this court issue a writ of procedendo against respondent ordering her to rule on his July 17, 2003 motion for relief from judgment.
 {¶ 7} 2. On October 12, 2004, respondent filed a Civ.R. 56 motion for summary judgment. In support, respondent submitted a certified copy of her decision and judgment entry denying relator's motion for relief from judgment. Respondent also filed a certified copy of her decision and judgment entry denying relator's motion for judgment on the pleadings. Both decisions and judgment entries were filed with the Franklin County Clerk of Courts on September 27, 2004.
 {¶ 8} 3. On October 18, 2004, this magistrate issued to the parties notice that respondent's October 12, 2004 motion for summary judgment was set for submission to the magistrate on November 2, 2004.
 {¶ 9} 4. Relator has not opposed respondent's motion for summary judgment.
Conclusions of Law:
 {¶ 10} It is the magistrate's decision that this court grant respondent's motion for summary judgment, as more fully explained below.
 {¶ 11} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner (1993), 67 Ohio St.3d 337, 339-340; Bostic v.Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, 115.
 {¶ 12} Civ.R. 56(E) states, in part:
* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
 {¶ 13} Based upon the certified decisions and entries of respondent, summary judgment is appropriate here. Respondent has performed the act which relator seeks to compel in this action.
 {¶ 14} Accordingly, it is the magistrate's decision that this court grant respondent's October 12, 2004 motion for summary judgment.