DECISION
{¶ 1} Relator, Quian R. Britford, commenced this original action requesting that this court issue a writ of procedendo ordering respondent, Judge David Fais of the Franklin County Court of Common Pleas, to issue findings of fact and conclusions of law with regard to relator's September 2003 motion. Respondent has filed a motion to dismiss.
 {¶ 2} This court referred the matter to a magistrate of this court, pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law. (Attached as *Page 2 
Appendix A.) Therein, the magistrate recommended that this court grant the motion to dismiss filed by respondent. Relator has filed objections to the magistrate's decision. Thus, this matter is now before this court for a full, independent review.
 {¶ 3} A writ of procedendo is an order from a court of superior jurisdiction to a court of inferior jurisdiction to proceed to judgment. See State ex rel. Davey v. Owen (1937), 133 Ohio St. 96, 106; State exrel. Ratliff v. Marshall (1972), 30 Ohio St.2d 101, 102; State ex rel.Miley v. Parrott (1996), 77 Ohio St.3d 64, 65. In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. Id. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. Id. A procedendo claim cannot "compel the performance of a duty that has already been performed," State ex rel.Howard v. Doneghy, 102 Ohio St.3d 355, 2004-Ohio-3207, at ¶ 6, quotingState ex rel. Kreps v. Christiansen (2000), 88 Ohio St.3d 313, 318, and will be subject to dismissal under Civ.R. 12(B)(6) when the relator's allegations are legally insufficient to show that she will be able to prove a set of facts under which such a duty will exist. See State exrel. Grove v. Nadel (1998), 81 Ohio St.3d 325.
 {¶ 4} Relator objects to the magistrate's decision on three bases: (1) magistrate's finding that respondent's decision and entry contained sufficient findings of facts and conclusions of law; (2) magistrate's decision ran afoul of the law of the case doctrine; and (3) magistrate failed to consider relator's reply brief.
 {¶ 5} In State v. Lester (1975), 41 Ohio St.2d 51, paragraph two of the syllabus, the Supreme Court of Ohio held that findings of fact and conclusions of law are *Page 3 
mandatory under R.C. 2953.21(C) if the trial court dismisses the petition. In State v. Mapson (1982), 1 Ohio St.3d 217, 219, the court stated:
 * * *The obvious reasons for requiring findings are "* * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." Jones v. State (1966), 8 Ohio St.2d 21, 22 [citation omitted]. The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error.
 {¶ 6} Having completed our own independent review of the record and relator's objections, we agree with the magistrate's determination that respondent's decision and entry satisfies the policy considerations announced in Mapson, and, as such, relator is not entitled to a writ of procedendo. Howard, supra; Grove, supra. We, therefore, adopt the findings of fact and conclusions of law contained in the magistrate's decision. In accordance therewith, respondent's motion to dismiss relator's petition for writ of procedendo is hereby granted.
Motion granted; writ of procedendo dismissed.
 BRYANT and BROWN, JJ., concur. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION Rendered January 11, 2008 IN PROCEDENDO ON MOTION TO DISMISS {¶ 7} Relator, Quian R. Britford, has filed this original action requesting that this court issue a writ of procedendo ordering respondent, Franklin County Court of Common Pleas Judge David Fais, to issue findings of fact and conclusions of law with regard to relator's September 2003 motion. *Page 5 
Findings of Fact: {¶ 8} 1. Relator is an inmate currently incarcerated at the Lake Erie Correctional Institution. Relator pled guilty to and was convicted of aggravated robbery without a gun specification in February 2003.
 {¶ 9} 2. On September 29, 2003, relator filed a petition to vacate or set aside his sentence on grounds that he had been denied effective assistance of counsel. Relator argued that trial counsel had failed to make a minimal effort to represent him, counsel had a conflict of interest, and that he had been rushed and coerced into taking the plea. Relator attached an affidavit from Terryill D. Britford who had been in court at the time relator entered his plea of guilty in support of his contention that he had been rushed and coerced into taking the plea.
 {¶ 10} 3. An assistant prosecuting attorney filed a memorandum contra to relator's motion to withdraw his guilty plea.
 {¶ 11} 4. On April 16, 2004, respondent issued a decision and entry denying relator's petition to vacate or set aside sentence. After determining that relator's petition was actually a motion to withdraw his guilty plea, respondent addressed relator's arguments as filed:
 Defendant claims defense counsel " . . . rushed and coerced . . . " him into entering a guilty plea. The Court notes this case remained active on its docket for more than twenty-eight months. Defendant has the benefit of two different trial attorneys at different times to represent him during this action. Defendant has ample time to consider his options and the advice of two different attorneys to assist him in deciding what was in his best interest.
 Further, upon entering his guilty plea, the court inquired of defendant whether he was entering his guilty plea knowingly, intelligently and voluntarily and the defendant in the affirmative. Defendant indicated he was fully aware of *Page 6 
the ramification of his guilty plea. The court followed Crim. R. 11 in accepting defendant's plea and defendant was given an opportunity to speak at that time.
 The Court does not find that defendant was rushed and coerced into entering his guilty plea and the court further finds defendant has failed to demonstrate prejudice by any part of the plea or sentencing proceedings or that any extra ordinary circumstance comprising manifest injustice exist.
 {¶ 12} 5. Relator did not appeal the trial court's entry denying his motion.
 {¶ 13} 6. On November 20, 2007, relator filed the instant petition requesting that this court issue a writ of procedendo ordering respondent to issue a new decision and entry which provides findings of fact and conclusions of law.
 {¶ 14} 7. The assistant prosecuting attorney has filed a motion to dismiss on behalf of respondent and relator has filed an objection to that motion.
 {¶ 15} 8. The matter is currently before the magistrate on respondent's motion to dismiss. Conclusions of Law:
 {¶ 16} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545. In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. Id.
 {¶ 17} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. O'Brien v. University Community TenantsUnion (1975), 42 Ohio St.2d 242. As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a *Page 7 
legal duty by the respondent in the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. State ex rel. Boggs v. Springfield Local School Dist. Bd. ofEdn. (1995), 72 Ohio St.3d 94. For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.
 {¶ 18} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. State ex rel. Miley v.Parrott (1996), 77 Ohio St.3d 64, 65. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. Id.
 {¶ 19} In this procedendo action, relator contends that respondent failed to make the required findings of fact and conclusions of law regarding the dismissal of his underlying petition. The decision and entry in question states that relator's case remained active on the docket for more than 28 months, that relator had the benefit of two different trial attorneys at different times to represent him, and that relator had ample time to consider his options and the advice of those different attorneys to assist him in deciding what was in his best interest. Furthermore, the trial court noted that, upon entering his guilty plea, relator was asked whether he was entering his guilty plea knowingly, intelligently, and voluntarily, and that relator answered in the affirmative. The trial court found that relator was not rushed and coerced into entering his guilty plea and that he had failed to demonstrate prejudice by any part of the plea or sentencing proceeding or that any manifest injustice existed. *Page 8 
 {¶ 20} Findings of fact and conclusions of law are mandatory under R.C. 2953.21(C) where the trial court dismisses a petition for post-conviction relief. In State v. Mapson (1982), 1 Ohio St.3d 217, the court stated:
 * * * The obvious reasons for requiring findings are "* * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." Jones v. State (1966), 8 Ohio St.2d 21, 22[.] * * * The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error."
Id. at 219. (Fn. omitted.)
 {¶ 21} In State v. Farley, Franklin App. No. 03AP-555, 2004-Ohio-1781, the defendant had filed an appeal from the judgment entry of the trial court overruling his application for leave to file a motion for new trial. In his second assignment of error, the defendant argued that the trial court had erred by failing to make the required findings of fact and conclusions of law regarding the dismissal of his motion for post-conviction relief. This court noted that the trial court's journal entry stated that the defendant's witness was not newly discovered evidence, that the defendant had failed to prove by clear and convincing evidence that he was unavoidably prevented from discovering the evidence upon which he relied, and that 19 months had elapsed from the date the defendant's brother signed the affidavit to the time defendant filed the petition for post-conviction relief. This court determined that the trial court's journal entry satisfied the policy considerations announced in Mapson, even though the trial court did not specifically label its entry as findings of fact and conclusions of law. *Page 9 
 {¶ 22} In reviewing relator's matter currently before this court, this magistrate concludes that the trial court's decision and entry likewise satisfies the policy considerations of Mapson. The trial court specifically found that relator's case had been active for more than 28 months, that relator had the benefit of two different trial attorneys at two different times, and that relator had ample time to consider his options and the advice of his attorneys in deciding what was in his best interest. Further, upon review, the trial court found that relator had not demonstrated that his guilty plea had not been entered knowingly, intelligently, and voluntarily, and that relator had failed to establish that he was rushed and coerced into entering his guilty plea or any other prejudice.
 {¶ 23} It is undisputed that a writ of procedendo will not issue to compel the performance of a duty which has already been performed. SeeState ex rel. Walker v. Kilbane Koch, 98 Ohio St.3d 295, 2003-Ohio-856. Because the magistrate finds that respondent has issued a decision and entry which includes findings of fact and conclusions of law, the act which relator seeks to compel respondent to perform has already been completed.
 {¶ 24} Based upon the finding that the trial court's decision and entry meets the requirements of the law and contained adequate findings of fact and conclusions of law, the magistrate finds that relator is not entitled to a writ of procedendo and this court should grant the motion to dismiss filed by respondent and dismiss the within action. *Page 1