[Cite as *State ex rel. Angelo v. Carroll*, 2013-Ohio-5321.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100326

## STATE OF OHIO EX REL. JOHN J. ANGELO

RELATOR

vs.

## JUDGE PATRICK CARROLL

RESPONDENT

**JUDGMENT:**
COMPLAINT DISMISSED

Writ of Mandamus
Motion No. 468701
Order No. 469610

**RELEASE DATE:** December 2, 2013

**FOR RELATOR**

John J. Angelo, pro se
31703 Lake Road
Avon Lake, Ohio   44012


**ATTORNEY FOR RESPONDENT**

Kevin M. Butler
Law Director
City of Lakewood
12650 Detroit Avenue
Lakewood, Ohio   44107

MARY J. BOYLE, P.J.:

{¶1} Relator, John J. Angelo ("Angelo"), commenced this mandamus action against the respondent, Judge Patrick Carroll, to compel the judge to terminate the no contact order portion of his community control sanctions imposed in Lakewood M.C. No. 2012CRB1089. The respondent judge has moved to dismiss. Angelo has filed a response thereto. After reviewing the filings, this court concludes that this matter is ripe for resolution, and grants the respondent's motion to dismiss.

{¶2} On July 19, 2012, the court imposed sentence for relator's criminal conviction. The court imposed one year of community control sanctions with conditions that included that he have no contact with certain individuals. Angelo has represented that the no contact order involves his spouse and children. On April 15, 2013, the court issued a journal entry following a violation hearing where the court found Angelo to be in violation of the conditions of his community control supervision. In the same entry, the court "passed for sentencing to permit defense counsel to present evidence mitigation." Angelo attempted to appeal from that order but it was dismissed for lack of a final, appealable order because no sentence had been imposed. *Lakewood v. Angelo*, 8th Dist. Cuyahoga No. 99831.

{¶3} On May 17, 2013, Angelo filed an affidavit of disqualification against relator, and the proceedings were stayed pursuant to R.C. 2701.031 pending resolution of

the affidavit. On August 27, 2013, Angelo filed a motion to terminate the no contact order. Two days later, Angelo filed this original action seeking to compel respondent to terminate the no contact order portion of his community control sanction sentence. On September 4, 2013, respondent issued an order explaining that he could not modify Angelo's community control sanctions during the pendency of the affidavit of disqualification. Angelo appealed that order which was dismissed for failure to file the record. *Lakewood v. Angelo*, 8th Dist. Cuyahoga No. 100389.

{¶4} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 631 N.E.2d 119 (1994); *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 295 N.E.2d 659 (1973); and *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist. Cuyahoga No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994). If the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 78

Ohio St.3d 45, 676 N.E.2d 108 (1997); *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.*, 56 Ohio St.3d 33, 564 N.E.2d 86 (1990). Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953); and *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (8th Dist.1993).

{¶5} Angelo does not dispute that he filed an affidavit of disqualification against respondent. The affidavit deprives the judge of a municipal or county court against whom the affidavit was filed of any authority to preside in the proceeding until the affidavit is resolved. R.C. 2701.031(D)(1); *State ex rel. Stern Pros. Atty. v. Mascio*, 81 Ohio St.3d 297, 691 N.E.2d 253 (1998). However, a municipal court judge who is the subject of an affidavit of disqualification "may determine a matter that does not affect a substantive right of any of the parties." R.C. 2701.031(D)(3); *State v. Ross (In re Cirigliano)*, 105 Ohio St.3d 1223, 2004-Ohio-7352, 826 N.E.2d 287, ¶ 23 ("a judge against whom an affidavit of disqualification is pending can still 'act in a ministerial capacity.'").

{¶6} Angelo argues that the modification of his community control sanctions is essentially a ministerial act that does not affect a substantive right. Ruling on a motion to modify the terms of Angelo's community control sanctions is beyond a ministerial act and does affect the substantive rights of the parties. *Howard v. Spore*, 91 Ohio St.3d 131, 742 N.E.2d 649 (2001) ("affidavit of disqualification prevented [judge] from ruling on

[litigant's] substantive motions in the underlying case until the presiding judge of the common pleas court decided the affidavit."). The modification of community control supervision pursuant to R.C. 2929.25(B) is "in the court's sole discretion" and is not equivalent to a ministerial act.

{¶7} Angelo also suggests that his community control term has expired. In the underlying case, the community control violation proceedings were commenced before the term expired. The Ohio Supreme Court has held that courts are "authorized to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration." *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 11.

{¶8} Angelo maintains that a consent agreement and civil order of protection that he and his spouse entered with the approval of the Lake County Domestic Relations Court supersedes the community control sanctions no contact condition that was imposed upon him for his criminal conviction in Lakewood Municipal Court. This argument is incorrect. The Lake County Domestic Relations Court has no jurisdiction to alter the terms of Angelo's criminal sentence. *See Toledo v. Parra*, 6th Dist. Lucas No. L-12-1261, 2013-Ohio-3182 (finding municipal court had jurisdiction over criminal offense arising from violation of a domestic relation court's visitation order).

**{¶9}** Relator has failed to establish a clear legal right to the requested relief and has failed to establish that respondent has any legal authority to perform the requested relief. Failure to establish a clear legal right to the requested relief and a clear legal duty to perform the requested relief merits dismissal pursuant to Civ.R. 12(B)(6). *State ex rel. Lindenschmidt v. Bd. of Commrs.*, 72 Ohio St.3d 464, 468-469, 650 N.E.2d 1343 (1995). Angelo also had an adequate remedy at law and did appeal the trial court's order that found it lacked authority to proceed on the motion to terminate the no contact order. Therefore, relief in mandamus is precluded. *State ex rel. Tran,* 78 Ohio St.3d 45, 676 N.E.2d 108 (1997); *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.*, 56 Ohio St.3d 33, 35, 564 N.E.2d 86 (1990) ("It is firmly established that the writ of mandamus will not issue '* * * where the relator has or had available a clear, plain and adequate remedy in the ordinary course of law.'").

**{¶10}** Finally, relator has not disputed respondent's alternative reason for seeking dismissal of this action, which is that he failed to provide an affidavit specifying the details of his claim as required by Loc.App.R. 45(B)(1)(a). *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; *State ex rel. Wilson v. Calabrese*, 8th Dist. Cuyahoga No. 70077, 1996 Ohio App. LEXIS 6213 (Jan. 18, 1996). In *Leon*, the Supreme Court of Ohio upheld this court's ruling that merely stating in an affidavit that the complaint was true and correct was insufficient to comply with the local rule.

**{¶11}** The court grants the respondent's motion to dismiss the complaint. Costs assessed against the relator. This court directs the clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

**{¶12}** Complaint dismissed.


_____
MARY J. BOYLE, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KENNETH A. ROCCO, J., CONCUR