[Cite as *State ex rel. Covington v. Lynch*, 2021-Ohio-2083.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Venesia A. Covington, | : | |
| [Relator], | : | |
| v. | : | No. 20AP-581 |
| Judge Julie Lynch et al., [Judge James L. Kimbler], | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on June 22, 2021

*Venesia A. Covington,* pro se.

[*G. Gary Tyack*]*,* Prosecuting Attorney, and *Bryan B. Lee,* for respondents.

IN PROCEDENDO
ON RESPONDENTS' MOTION TO DISMISS

BEATTY BLUNT, J.

{¶ 1} Relator, Venesia A. Covington, has filed this original action requesting this court issue a writ of procedendo addressing various aspects of Covington's pending actions in the Franklin County Court of Common Pleas. Respondents are judges of that court, all of whom requested recusal from the relevant matters in the trial court.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the motion to dismiss for failure to state a claim filed by respondents and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate concluded Covington failed to state a claim upon which relief may be granted pursuant to Civ.R.

No. 20AP-581

12(B)(6) and was not entitled to the writ requested. Accordingly, the magistrate recommended this court dismiss the action and deny Covington's request for a writ of procedendo.

{¶ 3} No objections have been filed to the magistrate's decision.

{¶ 4} We have found no error in the magistrate's finding of fact or conclusions of law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and the conclusions of law therein, and conclude that Covington failed to demonstrate she was entitled to a writ of procedendo. In accordance with the magistrate's decision, respondents' motion to dismiss is granted, this action is dismissed, and the requested writ of procedendo is denied.

*Motion to dismiss granted; complaint dismissed; writ of procedendo denied.*

SADLER and MENTEL, JJ., concur.

_____

No. 20AP-581

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Venesia A. Covington, | : | |
| [Relator], | : | |
| v. | : | No. 20AP-581 |
| Judge Julie Lynch et al., [Judge James L. Kimbler], | : | (REGULAR CALENDAR) |
| Respondents. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 4, 2021

*Venesia A. Covington,* pro se.

[*G. Gary Tyack*]*,* Prosecuting Attorney, and *Bryan B. Lee,* for respondents.

IN PROCEDENDO
ON RESPONDENTS' MOTION TO DISMISS

{¶ 5}    Relator, Venesia A. Covington, filed a complaint in this court seeking a writ of procedendo addressing various aspects of relator's actions in the Franklin County Court of Common Pleas.  Respondents are judges of that court.  Although the nature of the relief requested is not easy to ascertain from relator's complaint, relator appears aggrieved by an order consolidating Franklin C.P. Nos. 20CV-6393, 20CV-6394, and 20CV-6500.  Relator also appears aggrieved by respondents' perceived delay in granting a motion for default judgment filed by relator in one of these cases.

No. 20AP-581

Findings of Fact:

{¶ 6} 1. Relator filed her complaint in this court on December 17, 2020 seeking a writ of procedendo directed to Judges Julie Lynch and Colleen O'Donnell of the Franklin County Court of Common Pleas, General Division.

{¶ 7} 2. Judges O'Donnell and Lynch filed on January 12, 2021 a motion to dismiss relator's complaint for failure to state a claim.

{¶ 8} 3. Relator has not filed a response to the motion to dismiss.

{¶ 9} 4. Relator is the plaintiff in Franklin C.P. Nos. 20CV-6393, 20CV-6394, and 20CV-6500, the cases to which she would have this court direct a writ.

{¶ 10} 5. Relator commenced Franklin C.P. No. 20CV-6500 by complaint filed October 1, 2020.

{¶ 11} 6. On November 6, 2020, some but not all defendants in Franklin C.P. No. 20CV-6500 filed a motion to dismiss for lack of jurisdiction, asserting that the matter belonged in the Court of Claims of Ohio.

{¶ 12} 7. Relator filed a motion for default judgement in Franklin C.P. No. 20CV-6500 on November 8, 2020. The common pleas court has yet to rule on this motion.

{¶ 13} 8 On November 13, 2020, the remaining identified defendant in Franklin C.P. No. 20CV-6500 (excluding individual and corporate John Doe's) filed a motion to dismiss for lack of jurisdiction, also asserting that the matter belonged in the court of claims.

{¶ 14} 9. On December 14, 2020, the common pleas court entered a consolidation order in Franklin C.P. Nos. 20CV-6393, 20CV-6394, and 20CV-6500. The initial assigned judge for Franklin C.P. No. 20CV-6393 was Judge David C. Young. The initial assigned judge for Franklin C.P. No. 20CV-6394 was Judge Kimberly Cocroft. The initial assigned judge for Franklin C.P. No. 20CV-6500 was Judge Julie Lynch. All three judges signed the consolidation order, and the consolidated cases were thereafter assigned to Judge Young.

{¶ 15} 10. A request for recusal by all 17 sitting judges of the common pleas court, including the initially-assigned judges and currently-assigned Judge Young, was filed on December 24, 2020 in Franklin C.P. Nos. 20CV-6393, 20CV-6394, and 20CV-6500, based on the fact that one of the court's judges is a named defendant in a related case brought by relator, Franklin C.P. No. 20CV-6483.

No. 20AP-581

{¶ 16} 11. Notwithstanding the December 14, 2020 consolidation order assigning Franklin C.P. No. 20CV-6500 to Judge Young, and the ensuing December 24, 2020 recusal request by all 17 members of the court in that case, the docket contains a transfer entry filed January 11, 2021 reflecting a transfer from Judge O'Donnell to Judge Young. The docket gives no indication of an event through which Judge O'Donnell became associated with the case, but several of relator's contemporaneous pleadings in Franklin C.P. No. 20CV-6500 are directed to Judge O'Donnell.

{¶ 17} 12. Franklin C.P. No. 20CV-6483 was originally assigned to Judge Mark Serrott. A request for recusal by 17 judges of the common pleas court, including the initially assigned judge, was filed on December 1, 2020 in Franklin C.P. No. 20CV-6483.

{¶ 18} 13. The Chief Justice of the Supreme Court of Ohio assigned retired judge James L. Kimbler, formerly of the Medina County Court of Common Pleas, to sit by assignment in Franklin C.P. Nos. 20CV-6393, 20CV-6394, and 20CV-6500, effective February 4, 2021.

{¶ 19} 14. The Chief Justice of the Supreme Court of Ohio assigned retired judge Howard E. Hall, formerly of the Morrow County Court of Common Pleas, to sit by assignment in Franklin C.P. No. 20CV-6483, effective December 15, 2020.

{¶ 20} 15. More or less concurrently with commencing the present original action in procedendo, relator filed on December 15, 2020 a separate "Notice of Writ of Certiori" in each of Franklin C.P. Nos. 20CV-6393, 20CV-6394, 20CV-6483, and 20CV-6500 announcing her intent to appeal the consolidation order to the Tenth District Court of Appeals.

{¶ 21} 16. This court dismissed those filings as insufficient to initiate either an appeal or an original action. *Covington v. Ohio State Hwy. Patrol*, 10th Dist. No. 20AP-573 (Dec. 17, 2020 Journal Entry of Dismissal).

Discussion and Conclusions of Law:

{¶ 22} Pursuant to Civ.R.25(C) and (D), the magistrate substitutes Judge Kimbler, successor to Judges Lynch and O'Donnell (to the extent that Judge O'Donnell may have actually presided over Franklin C.P. No. 20CV-6500) as the proper respondent in this action and deems the pending motion to dismiss as filed on his behalf.

No. 20AP-581

{¶ 23} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint itself and any documents attached thereto. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). A court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the nonmoving party. *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988). "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242 (1975), syllabus. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co. L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7.

{¶ 24} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require the respondent court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64-65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994). Procedendo, however, is limited to an order from a court of superior jurisdiction to proceed to judgment: it does not attempt to control the inferior court as to what the judgment should be. *State ex rel. Sherrills v. Cuyahoga Cty.* Court of Common Pleas, 72 Ohio St.3d 461-62 (1995); *State ex rel. Brime v. McIntosh*, 10th Dist. No. 19AP-70, 2019-Ohio-4019, ¶ 25-29.

No. 20AP-581

{¶ 25} To address the issues raised in respondents' motion to dismiss, the magistrate takes judicial notice of the pleadings and orders in the common pleas court, as these are not subject to reasonable dispute insofar as their impact on the present case. Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald,* 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; *State ex rel. Womack v. Marsh,* 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. The record so noticed may establish mootness or other jurisdictional defects as a basis for dismissal of the complaint. *State ex rel. Hibbler v. O'Neill*, 159 Ohio St.3d 566, 2020-Ohio-1070.

{¶ 26} With respect to the common pleas court's consolidation order, relator complains of a past action taken by the court. A writ of procedendo will not " 'compel the performance of a duty that has already been performed.' " *State ex rel. Howard v. Doneghy*, 102 Ohio St.3d 355, 2004-Ohio-3207, at ¶ 6, quoting *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000); *State ex rel. Banks v. Miller*, 10th Dist. No. 04AP-928, 2005-Ohio-2207, ¶ 3. Moreover, because the writ of procedendo will not lie to control the discretion of a lower court as to what the judgment should be, but merely compel the lower court to proceed to judgment, relator's complaint does not state a claim if it seeks to compel deconsolidation of her common pleas court cases.

{¶ 27} With respect to the alleged delay in granting default judgment in Franklin C.P. No. 20CV-6500, on the face of the complaint it is apparent that the trial court has not unnecessarily delayed ruling or proceeding to judgment. Nothing in the record of this case indicates that the trial court has refused to timely enter judgment or unnecessarily delay proceeding to judgment. The trial court's absence of a ruling on relator's motion for default judgment is attributable to the fact that some defendants had in fact filed a responsive pleading by the time relator moved for default judgment. Even in the absence of an immediate ruling, the complex posture of the case, with successive recusals and reassignments necessitated by relator's penchant for suing judicial officers and filing complaints against opposing counsel when dissatisfied with the course of litigation, would make the interval between filing and disposition reasonable. *See generally*, *State ex rel. Poulton v. Cottrill,* 147 Ohio St.3d 402, 2016-Ohio-5789, ¶ 2. Coupled with relator's intervening attempt to appeal the consolidation order to this court, which caused the trial

No. 20AP-581

court to avoid taking any intervening action inconsistent with this court's jurisdiction, the complaint describes a trial court record devoid of unreasonable delay.

{¶ 28} For the foregoing reasons, it is the decision and recommendation of the magistrate that this court grant respondents' motion and dismiss relator's complaint for failure to state a claim.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).